No. 92,140

In the Matter of VICTOR S. NELSON, *Respondent.*

(102 P.3d 1140)

Opinion filed December 3, 2004.

*Alexander M. Walczak*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for the petitioner.

*Victor S. Nelson*, respondent, appeared pro se.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the Disciplinary Administrator's office against Victor S. Nelson, of Wichita, an attorney admitted to the practice of law in Kansas.

The formal complaint filed against respondent alleges violations of KRPC 1.3 (2003 Kan. Ct. R. Annot. 336) diligence and promptness, 1.4 (2003 Kan. Ct. R. Annot. 349) communication, 1.5 (2003 Kan. Ct. R. Annot. 362) fees, 1.7 (2003 Kan. Ct. R. Annot. 372) conflict of interest, 1.15 (2003 Kan. Ct. R. Annot. 395) safekeeping property, 1.16(d) (2003 Kan. Ct. R. Annot. 407) terminating representation, 3.2 (2003 Kan. Ct. R. Annot. 420) expediting litigation, 3.4(d) (2003 Kan. Ct. R. Annot. 429) discovery, 8.1(b) (2003 Kan. Ct. R. Annot. 459) failure to disclose, 8.4(a) (2003 Kan. Ct. R. Annot. 464) misconduct, 8.4(d) (2003 Kan. Ct. R. Annot. 464) misconduct, 8.4(g) (2003 Kan. Ct. R. Annot. 464) fitness to practice, and Supreme Court Rule 207 (2003 Kan. Ct. R. Annot. 250) failure to cooperate.

The complaint filed against respondent grew out of his representation in three separate cases. Geraldine Grimm complained of respondent's lack of diligence and communication, and of his failure to clear title to her residence over a period of 4 years. The Vosburghs complained of respondent's failure to properly file a Chapter 7 bankruptcy for Mr. Vosburgh. The Vosburghs' complaint ultimately resulted in the filing of the formal complaint. Respondent failed to respond to the inquiry by the investigating at-

torney. The complaint of Jeffrey W. Rockett concerned respondent's conduct in two bankruptcy cases. Rockett complained of respondent's failure to communicate, lack of diligence, conflict of interest, misconduct, and representation of him. Respondent again failed to respond or cooperate with the investigator.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held on December 4 and 5, 2003. Respondent appeared pro se, and Alexander M. Walczak appeared on behalf of the Disciplinary Administrator. The panel found clear and convincing evidence that the respondent violated KRPC 1.3, 1.4, 1.5, 1.7, 8.1, 8.4, Kansas Supreme Court Rule 207, and Kansas Supreme Court Rule 211(b) (formal hearings). In addition, the panel found:

"45. On November 13, 2001, November 14, 2001, and April 23, 2002, a disciplinary hearing was held regarding other disciplinary complaints. Regarding [the November 13 and 14] matters, on December 14, 2001, the Respondent requested that the Hearing Panel recommend to the Kansas Supreme Court that he be placed on probation. The Disciplinary Administrator recommended that the Respondent be suspended from the practice of law.

"46. The Hearing Panel recommended that the Respondent be suspended from the practice of law, but that the Court suspend the imposition of the suspension and place the Respondent on probation. In conclusion, the Hearing Panel stated:

In recommending probation, the Hearing Panel feels compelled to further comment on one matter that remains troublesome to it—the Respondent's failure to respond to the investigators in a timely manner. It is that lack of diligence that is also at the heart of the complaints the Hearing Panel has heard. The Hearing Panel would find that Respondent's untimeliness [was] sufficient cause to disqualify the Respondent as a candidate for probation, but when the Respondent finally prepared his responses, they were thorough and complete. If the Respondent would devote that kind of thought and attention (albeit in a timely manner) to the legal matters with which he is entrusted, his clients will be well-served. However, there must be no further missteps. Any further repeat of past poor and untimely performances will likely result in a revocation of the Respondent's probation.

"47. Thereafter, a majority of the Court approved the Hearing Panel's recommendation, and on March 7, 2003, issued its opinion placing the Respondent on probation. (A minority of the Court, at that time, would have suspended the Respondent from the practice of law.) The Court ordered the Respondent to immediately obtain professional liability insurance. Additionally, the Court ordered that the Respondent not violate the Kansas Rules of Professional Conduct.

Finally, the Court stated that if the Respondent violated the terms and conditions of probation, the Court would take 'whatever disciplinary action it deem[ed] just and proper, including disbarment, without further formal proceedings.'

"48.   To date, the Respondent has not obtained professional liability insurance."

Based on the panel's findings that respondent had failed to abide by the conditions of his supervised probation in Case No. 89,106, this court issued a show cause order and after respondent appeared before this court on May 13, 2004, revoked his probation and indefinitely suspended the respondent from the practice of law in Kansas, effective May 28, 2004.

The panel made the following conclusions of law:

"1.   Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.3, KRPC 1.4, KRPC 1.5, KRPC 1.7, KRPC 8.1, KRPC 8.4, Kan. Sup. Ct. R. 207, and Kan. Sup. Ct. R. 211, as detailed below.

"2.   Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. In this case, the Respondent failed to provide diligent representation to Mrs. Grimm and Mr. and Dr. Vosburgh. It took the Respondent four years to do anything for Mrs. Grimm. While Mrs. Grimm's title matter was unusual, it was not overly time consuming. The Respondent, likewise, violated KRPC 1.3 when he failed to diligently represent Mr. and Dr. Vosburgh. If the Respondent had timely and properly researched the Vosburghs' tax problem, he could have resolved the matter by filing an amended tax return establishing that at the time the debt was cancelled, Dr. Vosburgh was insolvent. Because the Respondent failed to act with reasonable diligence and promptness in representing Mrs. Grimm and Mr. and Dr. Vosburgh, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"3.   KRPC 1.4 provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' *Id.* In this case, the Respondent violated KRPC 1.4(a) when he failed to respond to requests for information from Mr. and Dr. Vosburgh. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"4.   When a lawyer has not regularly represented a client, the lawyer shall communicate the basis or rate of the fee to the client. KRPC 1.5(b). The Respondent failed to adequately communicate the basis or rate of fee to Mr. and Dr. Vosburgh. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.5(b).

"5.   KRPC 1.7 provides the general rule regarding conflicts of interest. Specifically, the rule provides, in pertinent part, that:

'(a)   A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

> (1)   the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>
> (2)   each client consents after consultation.'

*Id.* The Respondent represented both MGC and Mr. and Mrs. Sundgren. Mr. and Mrs. Sundgren were debtors of MGC. As such, Mr. and Mrs. Sundgren's interests were directly adverse to those of MGC. While the Respondent may have subjectively believed that his representation of MCG and Mr. and Mrs. Sundgren would not adversely affect one or the other, the Respondent could not have reasonably or objectively believed that. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.7(a) when he represented MGC and Mr. and Mrs. Sundgren during the pendency of the bankruptcy action.

"6.   KRPC 8.4 provides, in pertinent part, as follows:

'It is professional misconduct for a lawyer to:

. . . .

(d) engage in conduct that is prejudicial to the administration of justice;

. . . .

(g) engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.'

*Id.* The Respondent engaged in conduct that was 'prejudicial to the administration of justice' and that adversely reflects on the Respondent's fitness to practice law when he repeatedly failed to comply with the orders of the bankruptcy court. The Respondent repeatedly failed to appear in court as directed. The Respondent's continual failure to comply with the orders of the bankruptcy court interfered with the administration of the justice in *In re Miller Grain Company*. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(d) and KRPC 8.4(g).

"7.   Lawyer must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(c).

> 'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

Kan. Sup. Ct. R. 207(b). The Respondent knew that he was required to forward a written response to the initial complaint—he had been instructed to do so in writing by the Disciplinary Administrator, the chairman of the Wichita Ethics and Grievance Committee, and by the attorney investigator. Because the Respondent knowingly failed to provide a written response to the initial complaint filed by Mr. and Dr. Vosburgh and Mr. Rockett as requested by the Disciplinary Administra-

tor, the chairman of the Wichita Ethics and Grievance Committee, and the attorney investigator, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"8. Kan. Sup. Ct. R. 211(b) provides, in pertinent part:

'The Respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

*Id.* In this case, the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a written Answer to the Formal Complaint. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b)."

In making its recommendation for discipline, the panel applied the American Bar Association (ABA) Standards for Imposing Lawyer Sanctions and considered ABA Standard 4.42, 6.22, 7.2, and 8.2 in making its recommendation as to the discipline to be imposed against the respondent.

The panel found as aggravating factors respondent's previous discipline and subsequent violation of his supervised probation, pattern of misconduct, multiple offenses, and substantial experience in the practice of law. The panel found several mitigating circumstances, including personal and emotional problems contributing to the violations, and previous good character and reputation.

The majority of the panel then recommended as follows:

"[T]hat the Respondent be suspended from the practice of law in the state of Kansas for a period of two years. Further, the Hearing Panel recommends that the Court require the Respondent to undergo a reinstatement hearing, pursuant to Kan. Sup. Ct. R. 219, prior to being reinstated to the active practice of law. At the time of the Respondent's reinstatement hearing, the Hearing Panel suggests that the Respondent be required to show that he has undergone appropriate mental health treatment and establish that he will be able to handle the stress of the active practice of law and comply with court orders and deadlines."

Panel member Dennis Depew filed a concurring and dissenting opinion stating that indefinite suspension would be a more appropriate disposition in this case. He reasoned:

"[I]t will take Respondent three or more years to receive the necessary mental health treatment to be in a position to safely return to the active practice of law. Respondent has been undergoing mental health treatment for a period in excess of three (3) years, yet continues to have the same kind of difficulties even now. I have wanted to believe that the Respondent's mental health condition can and

will improve to the point that he can safely practice law. In recognition of that desire to see the Respondent succeed, I agreed with the concept of giving him that chance in the disposition recommendations that were made in the prior case. Unfortunately, the Respondent has not improved to the point that had been hoped for as evidenced by the facts of this case. In my opinion a two-year suspension will not provide the protection that the public needs."

We agree. In addition, although respondent filed exceptions to the panel report, he appeared before this court at oral argument and conceded that indefinite suspension was the proper sanction. The office of the Disciplinary Administrator recommends that respondent be indefinitely suspended for the violations in the present case.

We find there is clear and convincing evidence that the respondent violated KRPC 1.3, 1.4, 1.5, 1.7, 8.1, 8.4, Supreme Court Rule 207, and Supreme Court Rule 211. We adopt the panel's findings and conclusions. In light of our review of the record, the severity of the violations of the Kansas Rules of Professional Conduct, and respondent's previous discipline, we conclude that respondent should be indefinitely suspended from the practice of law.

IT IS THEREFORE ORDERED that Victor S. Nelson be and he is hereby indefinitely suspended from the practice of law in the state of Kansas, effective the date of this opinion.

IT IS FURTHER ORDERED that Victor S. Nelson shall comply with Supreme Court Rule 218 (2003 Kan. Ct. R. Annot. 286), that he shall pay the costs of this action, and that this order be published in the official Kansas Reports.